UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL SIMS, | ) | |
| | ) | |
| Petitioner, | ) | 11 C 3326 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| MARCUS HARDY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Terrell Sims, a state prisoner, filed a petition for a writ of habeas corpus. Doc. 14. The Warden has moved to dismiss the petition, arguing that Sims failed to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). Doc. 18. The motion is granted and the petition is dismissed.

Section 2244(d)(1) provides, in relevant part, that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The general rule holds that "the time for seeking [direct] review" includes the ninety days a petitioner has to file a certiorari petition with the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). In *Gonzalez v. Thaler*, 123 S. Ct. 641 (2012), however, the Supreme Court ruled that a petitioner gets the benefit of those ninety days only if he seeks review in the State's highest court. *Id*. at 653-54. For petitioners who do not seek review in the State's highest court, the "expiration of

the time for seeking [direct review]" under § 2244(d)(1) occurs, and the judgment becomes final, "when his time for seeking review with the State's highest court expire[s]." *Id*. at 655; *see also Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012).

Sims did not file a petition for leave to appeal ("PLA") with the Supreme Court of Illinois on direct review of his conviction, so his judgment became final when the time for seeking leave to appeal expired. The Appellate Court of Illinois affirmed Sims's conviction on September 13, 2007. Illinois Supreme Court Rule 315(b) gave Sims thirty-five days, until October 18, 2007, to file a PLA with the state supreme court. Because Sims did not file a PLA, the one-year clock under § 2244(d)(1) began to run on October 19, 2007. *See Johnson*, 678 F.3d at 610 ("Johnson did not pursue his direct appeal to the Arkansas Supreme Court, and thus his conviction became final on April 7, 2009, when he could no longer seek review from that court."); *Keeling*, 673 F.3d at 460 ("Because Keeling did not seek further review of the [Ohio Court of Appeals] decision within the forty-five day period [allowed to seek review with the Ohio Supreme Court], the Court of Appeals judgment became final on August 12, 2002. Thus, the statute of limitations began to run on these grounds on August 13, 2002."). Sims faults his appellate attorney for not filing a PLA, but the allocation of fault is legally irrelevant given that Sims had no right to counsel in connection with seeking discretionary review in the state supreme court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000).

The running of the limitations period stopped 69 days later, on December 26, 2007, when Sims filed a state post-conviction petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to

-2-

the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The clock started to run again on May 27, 2010, the day after the Supreme Court of Illinois denied Sims's PLA from the state appellate court's affirmance of the state trial court's dismissal of his post-conviction petition. Sims notes that the United States Supreme Court twice returned the petition for certiorari that he attempted to file to seek review of the state appellate court's judgment. But it would not have mattered if the United States Supreme Court had accepted Sims's certiorari petition, as tolling under § 2244(d)(2) does not include the ninety days a habeas petitioner has to file a certiorari petition regarding the state court's denial of post-conviction relief or the time the Supreme Court takes to entertain a certiorari petition if one is actually filed. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

When the clock began running again on May 27, 2010, Sims had 296 days to file his habeas petition, or until March 18, 2011. But Sims did not sign his habeas petition until April 30, 2011, more than a month after the limitations period had expired. Sims says that "[a]ccording to [his] time line, his petition was filed four months early." Doc. 23 at 3. Sims's time calculation was incorrect, and "a simple legal mistake does not excuse an untimely filing." *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010).

A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). In an apparent effort to obtain equitable tolling, Sims contends that "it is e[s]pecially difficult for petitioners like Sims being without legal assistance, as well as being legally impaired d[ue] to the fact that [P]ontiac [the prison where Sims was incarcerated] lost my

property." Doc. 23 at 3. Sims's lack of legal assistance does not qualify as an "extraordinary circumstance" for purposes of equitable tolling. *See Janssen v. Pugh*, 394 F. App'x 305, 306 (7th Cir. 2010) (holding that the petitioner's lack of education and difficulty navigating prison policies were "run-of-the-mill difficulties" that did not constitute extraordinary circumstances); *Tucker*, 538 F.3d at 735 ("In a letter to the district court, Tucker complained of limited resources and lack of familiarity with the law. However, standing alone, the lack of legal expertise is not a basis for invoking equitable tolling."); *Laughlin v. Gaetz*, 2011 WL 336143, *4 (N.D. Ill. Jan. 31, 2011) ("Petitioner's legal inexperience, *pro se* status, and state of incarceration are not extraordinary circumstances that justify his untimely filing.") (citing cases). Nor does Sims's vague allegation that the prison lost his property warrant equitable tolling. Sims does not describe what "property" was lost or how it impeded the timely filing of his habeas petition; without such an explanation, Sims cannot establish the predicate for equitable tolling. *See Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) ("the allegations supporting equitable tolling must be specific and not conclusory"); *Graham v. Smelser*, 422 F. App'x 705, 708 (10th Cir. 2012) ("An inmate bears a strong burden to show specific facts in support of his claim that equitable tolling applies.") (internal quotation marks omitted).

For these reasons, the Warden's motion to dismiss is granted and Sims's petition is dismissed. Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the untimeliness of Sims's petition is not debatable, a certificate of appealability is denied. *See ibid.* ("Where a plain procedural bar is present and the

district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.").

October 16, 2012                                      _____
                                                            United States District Judge