UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL SIMS, | ) | |
| | ) | |
| Petitioner, | ) | 11 C 3326 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| MICHAEL LEMKE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

On October 16, 2012, the court dismissed Terrell Sims's petition for a writ of habeas corpus as time-barred and denied a certificate of appealability. 2012 WL 4932609 (N.D. Ill. Oct. 16, 2012). On November 14, 2012, Sims filed a motion for an extension of time to file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), Doc. 27, which the court construed to be a motion for reconsideration under Rule 59(e), Doc. 32.

Sims first argues that he should get the benefit of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Doc. 27 at 3. *Martinez* was issued after Sims responded to the Warden's motion to dismiss the habeas petition as untimely. Docs. 22 & 23. *Martinez* holds in pertinent part:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320. *Martinez* does not help Sims because his problem is not procedural default in state court, but rather the statute of limitations in federal court. 2012 WL 4932609, at *1. In any event, the alleged ineffectiveness of counsel contributing to Sims's limitations

problem occurred on a discretionary appeal to the Supreme Court of Illinois, not during an initial-review collateral proceeding. *Ibid*. *Martinez* does not apply where, as here, the alleged ineffective assistance occurs on a discretionary appeal. *Martinez*, 132 S. Ct. 1320 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including … petitions for discretionary review in a State's appellate courts.").

Second, Sims advances a new factual predicate to support his argument for equitable tolling. Doc. 34 at 2-3, 32-34. In his response to the Warden's motion to dismiss, Sims sought equitable tolling on the ground that the prison system lost unspecified property of his. Doc. 23 at 3. In his reconsideration motion, Sims elaborates that the lost property included records from his state court proceedings that he needed to prepare his federal habeas petition. Doc. 34 at 2-3. Settled law holds that Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal quotation marks omitted); *see Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996) ("[Rule 59(e)] does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."). Because Sims could have advanced his new argument in his response to the Warden's motion to dismiss, it is not appropriately raised in a Rule 59(e) motion.

In any event, the additional facts presented in Sims's reconsideration motion hurt rather than help him. To support his equitable tolling claim, Sims attaches a grievance he filed with the Pontiac Correctional Center on October 28, 2011, which complains that prison authorities failed to transfer his property with his person when he transferred from Stateville Correctional Center to Pontiac in September 2011. Doc. 34 at 33 ("While at Stateville [Correctional Center,] I was

allowed to have all of my property, and I had everything before I left."). But the deadline for Sims to file his habeas petition was March 18, 2011, 2012 WL 4932609, at *2, so any impediment arising after that date, including the impediment referenced in his reconsideration motion, could not possibly have impacted his ability to timely file his petition. Even worse for Sims, the grievance indicates that Sims *had* access to his papers before September 2011, which means that the purported impediment to a timely habeas filing was no impendent at all.

    The remainder of Sims's Rule 59(e) motion addresses the merits of his habeas petition. Doc. 34 at 3-31. Because the petition was untimely, the merits need not be addressed.

    For the foregoing reasons, Sims's Rule 59(e) motion is denied. Because the rejection of Sims's new arguments is not debatable, no certificate of appealability will be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

April 3, 2013

                                            United States District Judge